NOT DESIGNATED FOR PUBLICATION

No. 115,453

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLIFTON G. CUSHINBERRY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; JANICE D. RUSSELL, judge. Opinion filed February 3, 2017. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*:  Clifton G. Cushinberry appeals from the district court's departure sentence for his convictions of possession of marijuana and possession of methamphetamine. Although the district court granted Cushinberry's motion for a durational departure sentence, Cushinberry argues the district court abused its discretion by denying his motion for a dispositional departure. While Cushinberry provided factors that may be compelling in some cases, the district court properly weighed these factors against aggravating factors in this case. The district court did not abuse its discretion by denying Cushinberry's dispositional departure motion, and this case is affirmed.

1

FACTUAL AND PROCEDURAL BACKGROUND

On March 22, 2015, Jackson County Deputy Sheriff Mark Wohlin stopped a vehicle speeding. Deputy Wohlin spoke with the driver and three passengers, including Cushinberry, and gathered their identification information. During the stop, Deputy Wohlin requested a K-9 unit to come and search the car. The K-9 unit indicated the presence of some substance in the vehicle, and Deputy Wohlin detained the occupants of the vehicle.

Deputy Wohlin, along with additional officers who arrived after the initial stop, searched the vehicle. The search produced a glass pipe with burnt residue, white powder in a clear plastic bag, three burnt cigars with a substance believed to be marijuana, a brown plastic bag of a substance believed to be marijuana, a black scale with a white powder residue, and additional vegetation believed to be marijuana. Following the search, Deputy Wohlin arrested the occupants and read them their *Miranda* rights. The occupants all denied ownership of the objects found in the car.

Deputy Wohlin and the officers drove Cushinberry and the passengers to the Jackson County jail for processing. When they arrived at the jail, Deputy Wohlin told the group that they needed to report any drugs they had on them prior to entering the jail, or they would face additional charges. No one in the group reported having any drugs. Once in the jail, Cushinberry asked to use the restroom. Deputy Wohlin told Cushinberry he would be searched before the deputy would allow him to go. Cushinberry then stated he had drugs in his pants.

On March 23, 2015, the State charged Cushinberry with one count each of possession of methamphetamine, trafficking contraband in a correctional institution, possession of marijuana, and possession of drug paraphernalia.

Cushinberry eventually reached a plea agreement with the State, and on June 12, 2015, Cushinberry pled no contest to the possession of methamphetamine and possession of marijuana charges. In exchange for his plea, the State agreed to drop the remaining charges.

On July 24, 2015, the district court initially held a sentencing hearing. Cushinberry challenged the criminal history portion of his presentence investigation (PSI) report. Cushinberry believed he only had one prior conviction for aggravated battery, but the PSI indicated two convictions. Cushinberry had anticipated a lower criminal history score at the time of the plea agreement. The district court continued sentencing and allowed Cushinberry to investigate his criminal history.

On August 3, 2015, Cushinberry filed a motion for dispositional and durational departure and supported his motion with numerous claims. Cushinberry claimed that he did not realize he had two prior convictions and noted that both the State and he expected his criminal history score to be lower at the time of plea. He then argued that if his criminal history score had been lower, his recommended sentence would have been in a border box. He also asserted that the amount of drugs found was very small.

At a sentencing hearing held on September 11, 2015, Cushinberry again asked for and received a continuance in order to seek a drug and alcohol evaluation. On October 23, 2015, the district court again held a sentencing hearing. At this hearing, the district court learned Cushinberry failed a recent urinalysis exam testing positive for illegal and prescription substances. As a result, the district court continued sentencing again.

On December 11, 2015, the district court held its final sentencing hearing. After reviewing his criminal history records, Cushinberry agreed that his criminal history score was correctly calculated as a B. Cushinberry then argued in favor of his motion for departure. In support of the motion, Cushinberry noted that the officer seized a very small

3

amount of drugs from him, that he has a job, that he was seeking addiction treatment, and that he was seeking his GED. The State opposed only the dispositional portion of the motion. The State further noted that Cushinberry was on bond for an unrelated felony case when this new offense occurred. The district court then asked Cushinberry about his employment, and Cushinberry advised the court that he had been employed for only 4 weeks but had been looking for work before he was hired.

The district court granted Cushinberry's durational departure, stating it was in the "interest of justice," but denied his request for a dispositional departure. The district court sentenced Cushinberry to 26 months of prison time for possession of methamphetamine and 12 months in the county jail for the possession of marijuana conviction, to run concurrent with his methamphetamine sentence. Finally, the district court ordered this sentence to run consecutive to a sentence Cushinberry received in Shawnee County for an unrelated conviction.

Cushinberry timely appeals.

ANALYSIS

On appeal, Cushinberry argues the district court abused its discretion by denying his motion for dispositional departure.

When considering a challenge to the district court's ruling regarding the extent of a departure sentence, we review the decision for an abuse of discretion. *State v. Jolly*, 301 Kan. 313, 324-25, 342 P.3d 935 (2015). A judicial action constitutes an abuse of discretion if the action: (1) is arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014); *State v. Pfannenstiel*, 302 Kan. 747, 760, 357 P.3d 877 (2015). The defendant bears the

burden of establishing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Pursuant to K.S.A. 2015 Supp. 21-6815(a), the sentencing judge must impose the sentence provided for in the sentencing guidelines unless the district judge finds "substantial and compelling reasons to impose a departure sentence." Substantial is defined as "something that is real, not imagined, something with substance and not ephemeral." *Jolly*, 301 Kan. 313, Syl. ¶ 9. Compelling reasons are those that force the court to "'abandon the status quo and to venture beyond the sentence that it would ordinarily impose.'" *State v. Hines*, 296 Kan. 608, 620, 294 P.3d 270 (2013). The district court considers both mitigating and aggravating factors when deciding whether substantial and compelling reasons exist to grant a departure sentence. K.S.A. 2015 Supp. 21-6815(c)(1) and (2). The district court is not required to impose a departure sentence. K.S.A. 2015 Supp. 21-6818(a) ("When a departure sentence is appropriate, the sentencing judge *may* depart from the sentencing guidelines." [Emphasis added.]).

Cushinberry argues that the mitigating factors he presented at sentencing were substantial and compelling leading the district court to grant his dispositional departure motion. Cushinberry also argues that granting a dispositional departure would have been consistent with the Kansas Sentencing Guidelines, as it would save bed space for violent offenders and promote Cushinberry's rehabilitation by allowing him to maintain his employment.

As the State correctly notes, the factors identified by Cushinberry are not so compelling as to establish that it was an abuse of discretion by the district court to deny his dispositional departure motion. On appeal Cushinberry only briefly mentions that if his criminal history had been as he expected, his sentence would have landed in a border box. Cushinberry's misunderstanding about his criminal history score is irrelevant. Cushinberry did not object to the criminal history score at sentencing and, if he truly felt

5

he was misled or made a mistake in his pleading, he could have attempted to withdraw his plea. In fact, Cushinberry ultimately agreed that his criminal history was correct and made no objection to his criminal history.

> "To preserve an issue for appellate review, a party must do more than incidentally raise the issue in an appellate brief. The party must present an argument and support that argument with pertinent authority or show why the argument is sound despite a lack of supporting authority or in the fact of contrary authority. Otherwise, the argument will be deemed abandoned." *State v. Gomez*, 290 Kan. 858, 866, 235 P.3d 1203 (2010).

Cushinberry offers no authority to support why his mistake is grounds for a departure or for reversing the district court's decision.

As to the mitigating factors offered by Cushinberry, he did not have a consistent work history. By his own testimony at sentencing, Cushinberry had worked for only 4 weeks prior to sentencing. Before that, he found temporary work off and on, but it was not consistent. As for rehabilitation, Cushinberry began seeking treatment only after he determined his criminal history score would place his sentence outside of a border box. Just prior to beginning treatment and while on bond, the record on appeal also indicates Cushinberry failed a urinalysis examination.

Cushinberry's argument that he possessed a small quantity of drugs is not compelling. Neither the record on appeal nor the briefs are clear about what quantities of illicit substances were found, but the quantities were apparently sufficient to support a conviction for both possession of methamphetamine and possession of marijuana. Even if the quantity of illicit substances found in Cushinberry's possession was minimal, that fact is not one of the factors to be considered by the court pursuant to K.S.A. 2013 Supp. 21-6815(c)(1). Cushinberry offers no other authority to support his argument that a minimal amount of drugs in a possession case is a compelling reason for a dispositional departure.

6

Cushinberry's only argument is that the degree of harm was minimal for this new offense. This is merely a conclusory reiteration of the factor, rather than an argument supported by authority and reasoning.

Departure sentences are permissive, rather than mandatory. The district court must weigh the mitigating and aggravating factors in each case when determining whether to depart from the sentencing guidelines. K.S.A. 2015 Supp. 21-6815(c)(1). In this case, the district court considered the mitigating factors and also the aggravating factors as noted in the State's brief. Even if the district court were to accept all of the factors listed by Cushinberry, he still had a criminal history score of B based, in part, on two prior person felonies for aggravated battery in 2009. Cushinberry also committed the current crimes while on bond for an unrelated felony offense.

Even with these aggravating factors, the district court granted Cushinberry a downward durational departure. The district court properly considered Cushinberry's mitigating factors and found the factors, while compelling enough to grant a downward durational departure, were not compelling enough to grant a dispositional departure. The district court's decision was not arbitrary, fanciful, or unreasonable. See *Mosher*, 299 Kan. at 3. The district court did not abuse its discretion in denying Cushinberry's motion for a dispositional departure.

Affirmed.

7